# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, <br><br> v. <br><br> PORTABLE MULTIMEDIA LTD T/A NEXTBASE | Case No.: 2:24-cv-01054-JRG-RSP <br> (Member Case) |

### DEFENDANT PORTABLE MULTIMEDIA LTD
### T/A NEXTBASE'S SUPPLEMENTAL RESPONSE TO PLAINTIFF FLEET
### CONNECT SOLUTIONS LLC'S FIRST SET OF INTERROGATORIES (NOS. 1–16)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Portable

Multimedia Ltd T/A Nextbase ("Nextbase") hereby submits its objections and responses to

Plaintiff Fleet Connect Solutions LLC's First Set Of Interrogatories (Nos. 1–16).

### PRELIMINARY STATEMENT

1.      Nextbase's responses are based on information currently known and available to it

as of the date of these responses. Nextbase's investigation in this matter is continuing. Further,

because all information possibly within the scope of these interrogatories may not have yet been

located and identified, and the development of Nextbase's contentions with respect to its claims

and defenses is ongoing, Nextbase reserves the right to assert additional objections to these

interrogatories and to modify and supplement its responses pursuant to Federal Rule of Civil

Procedure 26(e). By making these responses, Nextbase does not concede that the information given

is properly discoverable or admissible, and Nextbase reserves its right to object to the introduction

of these responses into evidence for any purpose. Nextbase is willing and prepared to discuss

definitions of vague, ambiguous or otherwise objectionable terms, as well as the appropriate

discoverable scope of each interrogatory in light of the objections contained herein.

2.      These responses are made solely for the purpose of this action.

3.      Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms of art or statutorily defined terms unless otherwise indicated. Nextbase specifically disavows any such meaning or connotation that might be accorded to such terms.

4.      No incidental or implied admissions are intended by the responses herein. The fact that Nextbase has responded or objected to any interrogatory should not be taken as an admission that Nextbase accepts or admits the existence of any facts or assumptions set forth or assumed by such interrogatory.

5.      Without waiving the objections set forth below, and subject to the limitations stated above, Nextbase is providing the information it believes is responsive that was collected after a reasonable investigation and that is the subject of legitimate discovery.

## GENERAL RESPONSE AND OBJECTIONS

Nextbase hereby objects generally to the Interrogatories as follows:

The following General Objections apply to, and are incorporated by reference in, the Response to each and every Interrogatory. Nextbase's specific objections to any Interrogatory are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory.

1.      Nextbase objects to the Interrogatories to the extent that they call for information protected by: (i) the attorney-client privilege; (ii) the work product doctrine; (iii) the common interest privilege; or (iv) any other privilege or protection from disclosure afforded by state or federal law. Nextbase will provide only such responsive information that is not subject to any such privilege or protection. No waiver of any privilege, doctrine, or immunity is intended by or should be construed from the responses given herein. The parties have agreed and stipulated that

no privileged communication occurring after the filing of the complaint in this action need be identified on any privilege log. By agreement and Court order in this case, documents or information that were created or conveyed on or after the filing date of the original complaint in that respective member case that are protected by attorney-client privilege, work product doctrine, protection for trial preparation materials, common interest or joint defense privileges, or any other applicable privilege or protection, shall not be included in the privilege log, except to the extent otherwise agreed by the parties or ordered by the Court.

2.      Nextbase objects to the Interrogatories to the extent that they call for information or the identification of documents or things that Nextbase cannot disclose pursuant to confidentiality obligations to third parties. Nextbase reserves the right to disclose such information or identify or produce such responsive non-privileged documents or things after complying with contractual obligations to notify such parties prior to producing such information, documents, or things. Any such documents or information will be produced pursuant to a protective order or orders entered in this case.

3.      Nextbase objects to the Interrogatories to the extent that they call for information that is not known by or reasonably available to Nextbase.

4.      Nextbase objects to the Interrogatories to the extent that they seek legal theories and/or legal conclusions.

5.      Nextbase objects to the Interrogatories to the extent that they seek information that is not relevant to any claim or defense.

6.      Nextbase objects to the Interrogatories and separately to the "DEFINITIONS" and "INSTRUCTIONS" on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to impose obligations on

Nextbase beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the Eastern District of Texas ("Local Rules"), or any other applicable rules or Court orders.

7.      Nextbase objects to plaintiff's definitions of "You," "Your," "Nextbase," "Defendant" and "Affiliates" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it means "and its Affiliates, any and all of its present or former divisions, subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other person or entity acting in whole or in part in concert with any of the foregoing, directly or indirectly" and further includes an overly broad definition of "Affiliates." In responding to these Interrogatories, Nextbase will interpret the terms "Defendant," "Nextbase," "You," and "Your" to refer to Nextbase and its present officers and directors (in their capacity as such for Nextbase) for purposes of these Responses to these Interrogatories only.

8.      Nextbase objects to plaintiff's definition of "Accused Products" as vague and ambiguous and overly broad because it cites only the infringement contentions and the definition of Accused Products stated therein. Nextbase will understand Accused Products to be limited to those products identified by a specific model number in Plaintiff's infringement contentions. For the same reason, Nextbase objects to the definition of "Third-Party Vendors" as meaning "any manufacturer or supplier of a component, the hardware, or the software that is incorporated into, integrated with, provided as part of, or used in the Accused Products, and any other vendors, suppliers, communication companies, service companies, contractors, retailers, and technical support companies that contribute to Your use or provision of the Accused Products." That definition implicates an unbounded set of information without regard to whether it is related to

accused features of Accused Products and therefore is overly broad and captures information that is wholly irrelevant to this case.

9.      Nextbase objects to the definition of the "Relevant Period" shall mean the time period from December 2018 to the present." Nextbase had no sales relating to the Accused Products in the U.S. before 2020 and will understand the period at issue to be so limited.

10.     Nextbase objects to all parts of the definition of "identify" and "identification" as overly broad, unduly burdensome, and making any interrogatory including such terms compound such that it would count as more than one interrogatory.

11.     Nextbase objects to each of Definitions 21 to 27 as verbose, prolix, vague, ambiguous and nonsensical. For example, terms are defined to include their opposite or an antonym.

12.     Nothing in these Responses shall be construed as an admission regarding the admissibility or relevance of any information or document. Nextbase reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of any information, document, or thing provided or identified in these Responses.

13.     Nextbase objects to each Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it is not limited in time or not limited to a time frame relevant to this litigation. In particular, the requests are unduly burdensome to the extent they call for the identification of information more than six years before the filing of the complaint and relevant only to the alleged infringement. Nextbase will construe each Request as limited to a reasonable and relevant time period.

14.     Nextbase objects to each Interrogatory to the extent it purports to impose obligations to provide information regarding activities, things, or sales occurring outside of the United States of America.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

Nextbase responds to the specific Interrogatories contained in the First Set of Interrogatories as follows without waiving or limiting in any manner any of its General Objections or Objections to Definitions and Instructions set forth below but rather incorporating them into each of the following responses to the extent applicable.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 1–16

## INTERROGATORY NO. 1:

Please identify the current, past, and future names (external and internal to You, including, but not limited to, code names and any changes in the name of the same product), revisions, versions, model numbers, and releases of the Accused Products used by You, along with the date of such name, version, model number, or release.

## RESPONSE:

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the

extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00019158 – PML-00019160

PML-00019184 – PML-00019186

PML-00020925 – PML-00020927

PML-00022975 – PML-00022977

PML-00048331 – PML00048372

PML-00063463

PML-00063476 – PML-00063746

PML-00063768 – PML-00063789

PML-00063916

PML-00064023 – PML-00064169

**INTERROGATORY NO. 2:**

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify all differences between each new name, revision, version, model number, and release of such product as compared to its predecessor's name revision, version, model number, and release.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require identification of <u>all</u> differences regardless of materiality or relevance to any issue in this case. For example, a difference unrelated to accused functionality or structure is not relevant.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:</u>**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00019158 – PML-00019160

PML-00019184 – PML-00019186

PML-00020925 – PML-00020927

PML-00022975 – PML-00022977

PML-00048331 – PML00048372

PML-00063463

PML-00063476 – PML-00063746

PML-00063768 – PML-00063789

PML-00063916

PML-00064023 – PML-00064169

## INTERROGATORY NO. 3:

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please state the date that each was first offered for sale, released for sale, used, publicly used, and if no longer sold or used, removed from sale or use and identify all documents related to such information.

## RESPONSE:

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to

this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Moreover, the phrase "identify all documents related to such information" makes the Interrogatory compound (counting as more than one interrogatory) and is also itself overly broad, vague and ambiguous in seeking "all documents related to such information."

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:</u>**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00000033

PML-00000034

PML-00009085

PML-00019140

PML-00019161 – PML-00019163

PML-00019398 – PML-00019449

PML-00019450 – PML-00019451

PML-00020928 – PML-00020929

PML-00059109 – PML-00059110

PML-00063988 – PML-00064003

PML-00064004

PML-00064005

PML-00064199

## INTERROGATORY NO. 4:

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify and describe all source code, firmware, programming code, scripts, or other electronic files that contain computer executable instructions related the Accused Products.

## RESPONSE:

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory to the extent that it prematurely calls for the disclosure of documents and information in advance of the deadline under at least the Docket Control Order and the Local Rules of the Eastern District of Texas. *See also* P.R. 2-5 and 3-4(a).

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "related the Accused Products" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to

this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

As Nextbase presently understands this interrogatory, code and the like relevant to accused features of the Accused Products is not within its possession, custody or control. Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which some information potentially responsive to this interrogatory may be determined:

PML-00063626

PML-00063463

PML-00063476

PML-00063525

PML-00063575

PML-00063916

PML-00019398 - PML-00019449

**INTERROGATORY NO. 5:**

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify all third parties who contribute to the provision of each by You to end users/customers, including but not limited to Third-Party Vendors.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Nextbase further objects to the use of the phrase "who contribute to the provision of each by You" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Nextbase identifies the following parties:

| Individual/Company | Subject |
|---|---|
| Andy Pearson | Advisor to Chief Executive Officer at Nextbase has a general overall understanding of Nextbase's business operations. |
| Ceri Hill | Director of Engineering at Nextbase has knowledge of the product design, specifications and manufacturer relationships |

| Individual/Company | Subject |
|---|---|
|  | related to Accused Products. |
| Dustin Allred | VP of Commercial Operations for the US business of Nextbase, has a general overall understanding of Nextbase's US sales, operations, customers and products. |
| Deal Rise LLC dba Powerplay Retail | Involved in certain US distribution of Accused Products. |
| Ampak Technology Inc. | Supplier of certain wireless functionality related to Accused Products has knowledge related to non-infringement of wireless communication modules in Accused Products. |
| Samoon Technology (H.K) Limited | Supplier for Accused Products has knowledge of the design and manufacture of Accused Products. |
| Shenzhen Samoon Technology Co., Ltd. | Supplier for Accused Products has knowledge of the design and manufacture of Accused Products. |
| Sunmen Technology (H.K) Limited | Supplier for Accused Products has knowledge of the design and manufacture of Accused Products |

Nextbase does not waive its right to object, pursuant to applicable Federal Rules, Local Rules or Orders of the Court, to discovery of information from any of the individuals listed herein, including without limitation by deposition, based on the attorney-client privilege, work product immunity, or both.

The attribution of particular knowledge to each individual is not necessarily complete, and each individual may have relevant information in other areas as well. Nextbase reserves the right to identify additional individuals as formal discovery progresses, and to rely on other witnesses identified in documents, in response to interrogatories or whose identity and relevance otherwise is made known to Plaintiff in discovery. Nextbase does not consent to or authorize Plaintiff or its counsel to communicate with any of Nextbase's current or former officers, directors or employees. Any such individual should be contacted only through Nextbase's counsel of record.

Nextbase's investigation, research, and analysis of the issues in this case are ongoing. Nextbase expressly reserves the right to supplement its identification of additional persons, entities, and parties whose testimony may be required to refute Plaintiff's claims and/or support defenses in this case, including additional witnesses that may come to light during discovery of the accused products, pursuant to Fed. R. Civ. P. 26(e), as its investigation continues. Neither Nextbase nor Plaintiff has yet identified whom it may call as witnesses at trial in this action to support claims or defenses. This information will be provided in a witness list pursuant to the Court's Local Rules, Docket Control Order or Order of the Court prior to trial. Further, in making these disclosures, Nextbase does not waive any right to object to the deposition or other testimony of the individuals listed above.

**INTERROGATORY NO. 6:**

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify the five persons most knowledgeable about the design, development, testing, operation, function, operation, and use of each.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "the five persons most knowledgeable about" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase identifies the following parties:

| Individual/Company | Subject |
|---|---|
| Andy Pearson | Advisor to Chief Executive Officer at Nextbase has a general overall understanding of Nextbase's business operations. |
| Dustin Allred | VP of Commercial Operations for the US Nextbase entity, has a general overall understanding of Nextbase's US sales, operations, customers and products. |
| Ceri Hill | Director of Engineering at Nextbase has knowledge of the product design, specifications and manufacturer relationships related to Accused Products. |
| Ampak Technology Inc. | Supplier of certain wireless functionality related to Accused Products has knowledge related to non-infringement of wireless communication modules in Accused Products. |
| Shenzhen Samoon Technology Co., Ltd. | Supplier for Accused Products has knowledge of the design and manufacture of Accused Products. |

At the appropriate time, Nextbase will disclose testifying expert witnesses pursuant to the Docket Control Order in this case and the Federal Rules of Civil Procedure. The following disclosures do not include experts or persons whose testimony is likely to be used solely for impeachment or rebuttal.

Nextbase does not waive its right to object, pursuant to applicable Federal Rules, Local Rules or Orders of the Court, to discovery of information from any of the individuals listed herein,

including without limitation by deposition, based on the attorney-client privilege, work product immunity, or both.

The attribution of particular knowledge to each individual is not necessarily complete, and each individual may have relevant information in other areas as well. Nextbase reserves the right to identify additional individuals as formal discovery progresses, and to rely on other witnesses identified in documents, in response to interrogatories or whose identity and relevance otherwise is made known to Plaintiff in discovery. Nextbase does not consent to or authorize Plaintiff or its counsel to communicate with any of Nextbase's current or former officers, directors or employees. Any such individual should be contacted only through Nextbase's counsel of record.

Nextbase's investigation, research, and analysis of the issues in this case are ongoing. Nextbase expressly reserves the right to supplement its identification of additional persons, entities, and parties whose testimony may be required to refute Plaintiff's claims and/or support defenses in this case, including additional witnesses that may come to light during discovery of the accused products, pursuant to Fed. R. Civ. P. 26(e), as its investigation continues. Neither Nextbase nor Plaintiff has yet identified whom it may call as witnesses at trial in this action to support claims or defenses. This information will be provided in a witness list pursuant to the Court's Local Rules, Docket Control Order or Order of the Court prior to trial. Further, in making these disclosures, Nextbase does not waive any right to object to the deposition or other testimony of the individuals listed above.

**INTERROGATORY NO. 7:**

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify the five persons most knowledgeable about the marketing, advertising, pricing, sale, and licensing of each, whether they are employed by You

or any other person, including, but not limited to, the physical addresses from which any such persons performed such activities and the role of each such person.

**RESPONSE**:

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to providing "the physical addresses from which any such persons performed such activities" to the extent that such information is protected from disclosure by any U.S. or foreign laws, rules, regulations or case law.

Nextbase further objects to the use of the phrase "the five persons most knowledgeable about" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase identifies the following parties:

| Individual/Company | Subject |
|---|---|
| Andy Pearson | Advisor to Chief Executive Officer at Nextbase has a general overall understanding of Nextbase's business operations. |

| Individual/Company | Subject |
|---|---|
| Jason Carter | Chief Financial Officer at Nextbase has knowledge about Nextbase's finances and sales of Accused Products. |
| Dustin Allred | VP of Commercial Operations for the US business of Nextbase, has a general overall understanding of Nextbase's US sales, operations, customers and products. |
| Chris Gage | Head of Sales for USA & Canada for Nextbase, has a general overall understanding of Nextbase's US sales, operations, customers and products. |
| Richard Browning | Global Sales & Marketing Director of Nextbase, has a general overall understanding of Nextbase's Global sales, operations, customers and products. |

At the appropriate time, Nextbase will disclose testifying expert witnesses pursuant to the Docket Control Order in this case and the Federal Rules of Civil Procedure. The following disclosures do not include experts or persons whose testimony is likely to be used solely for impeachment or rebuttal.

Nextbase does not waive its right to object, pursuant to applicable Federal Rules, Local Rules or Orders of the Court, to discovery of information from any of the individuals listed herein, including without limitation by deposition, based on the attorney-client privilege, work product immunity, or both.

The attribution of particular knowledge to each individual is not necessarily complete, and each individual may have relevant information in other areas as well. Nextbase reserves the right to identify additional individuals as formal discovery progresses, and to rely on other witnesses identified in documents, in response to interrogatories or whose identity and relevance otherwise is made known to Plaintiff in discovery. Nextbase does not consent to or authorize Plaintiff or its counsel to communicate with any of Nextbase's current or former officers, directors or employees. Any such individual should be contacted only through Nextbase's counsel of record.

Nextbase's investigation, research, and analysis of the issues in this case are ongoing. Nextbase expressly reserves the right to supplement its identification of additional persons, entities, and parties whose testimony may be required to refute Plaintiff's claims and/or support defenses in this case, including additional witnesses that may come to light during discovery of the accused products, pursuant to Fed. R. Civ. P. 26(e), as its investigation continues. Neither Nextbase nor Plaintiff has yet identified whom it may call as witnesses at trial in this action to support claims or defenses. This information will be provided in a witness list pursuant to the Court's Local Rules, Docket Control Order or Order of the Court prior to trial. Further, in making these disclosures, Nextbase does not waive any right to object to the deposition or other testimony of the individuals listed above.

**INTERROGATORY NO. 8:**

For each of the names, revisions, versions, model numbers, and releases identified in response to Interrogatory No. 1, please identify Your officers, employees, or agents with the greatest knowledge relating to Your decision-making process and ultimate decision to make, sell, license, offer, import, purchase, develop, or otherwise acquire and/or use the Accused Products.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrases "the greatest knowledge relating to Your decision-making process and ultimate decision to" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase identifies the following parties:

| Individual/Company | Subject |
| --- | --- |
| Andy Pearson | Advisor to Chief Executive Officer at Nextbase has a general overall understanding of Nextbase's business operations. |
| Jason Carter | Chief Financial Officer at Nextbase has knowledge about Nextbase's finances and sales of Accused Products. |
| Ceri Hill | Director of Engineering at Nextbase has knowledge of the product design, specifications and manufacturer relationships related to Accused Products. |
| Dustin Allred | VP of Commercial Operations for the US based Nextbase entity, has a general overall understanding of Nextbase's US sales, operations, customers and products. |
| Richard Browning | Global Sales & Marketing Director of Nextbase, has a general overall understanding of Nextbase's sales, operations, customers and products. |
| Chris Gage | Head of Sales for USA & Canada for Nextbase, has a general overall understanding of Nextbase's US sales, operations, customers and products. |

At the appropriate time, Nextbase will disclose testifying expert witnesses pursuant to the Docket Control Order in this case and the Federal Rules of Civil Procedure. The following

disclosures do not include experts or persons whose testimony is likely to be used solely for impeachment or rebuttal.

Nextbase does not waive its right to object, pursuant to applicable Federal Rules, Local Rules or Orders of the Court, to discovery of information from any of the individuals listed herein, including without limitation by deposition, based on the attorney-client privilege, work product immunity, or both.

The attribution of particular knowledge to each individual is not necessarily complete, and each individual may have relevant information in other areas as well. Nextbase reserves the right to identify additional individuals as formal discovery progresses, and to rely on other witnesses identified in documents, in response to interrogatories or whose identity and relevance otherwise is made known to Plaintiff in discovery. Nextbase does not consent to or authorize Plaintiff or its counsel to communicate with any of Nextbase's current or former officers, directors or employees. Any such individual should be contacted only through Nextbase's counsel of record.

Nextbase's investigation, research, and analysis of the issues in this case are ongoing. Nextbase expressly reserves the right to supplement its identification of additional persons, entities, and parties whose testimony may be required to refute Plaintiff's claims and/or support defenses in this case, including additional witnesses that may come to light during discovery of the accused products, pursuant to Fed. R. Civ. P. 26(e), as its investigation continues. Neither Nextbase nor Plaintiff has yet identified whom it may call as witnesses at trial in this action to support claims or defenses. This information will be provided in a witness list pursuant to the Court's Local Rules, Docket Control Order or Order of the Court prior to trial. Further, in making these disclosures, Nextbase does not waive any right to object to the deposition or other testimony of the individuals listed above.

**INTERROGATORY NO. 9**:

Please identify all patent license agreement and settlement agreement to which You are a party that relates to any Accused Products or any other product that uses, implements, or supports any of the same, and any other patent license agreement(s) that could affect the determination of a reasonable royalty in this litigation by describing in detail each such agreement, including (i) the parties involved, (ii) the date of the agreement, (iii) royalty rates or fees paid, (iv) patent and/or application numbers, (v) titles, and (vi) any other information sufficient to identify the subject of the agreement, and (vii) identify the person(s) and department(s) with knowledge related to such information.

**RESPONSE**:

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as premature in that it seeks disclosure of financial data pertaining to the Accused Products, and premature in that it seeks discovery of expert witness testimony and opinions, in advance of the deadlines to do so under the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and the Docket Control Order governing this case, including the deadlines related to expert disclosures.

Nextbase further objects to the use of the phrase "that could affect the determination" as vague, overly broad, and unduly burdensome.

Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery related to alleged damages. Nextbase will disclose its expert testimony and opinions regarding damages in accordance with the expert disclosure deadlines set out in the Docket Control Order.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:</u>**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00058776 – PML-00058879

PML-00059109 – PML-00059110

PML-00063794 – PML-00063827

PML-00063988 – PML-00064003

PML-00073534 – PML-00073575

PML-00073637 – PML-00073678

Further, Nextbase has previously objected (and continues its objection) to this Interrogatory to the extent it calls for information or the identification of documents or things that Nextbase cannot disclose pursuant to confidentiality obligations to third parties. Subject to restrictions, prohibitions and/or limitations on disclosure owed to third parties, Nextbase will further supplement this response as soon as it is able to do so.

**INTERROGATORY NO. 10:**

With respect to each defense and counterclaim You are asserting or will assert in this action, please state and describe in detail Your entire basis in support of Your allegations, if any, and identify any document, information, expert, witness, or tangible item that supports, refutes, or otherwise concerns each of that counterclaim or affirmative defense.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this Interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, work product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Eastern District of Texas, and/or relevant statutory or case law.

Additionally, Nextbase objects to this Interrogatory as seeking Nextbase's non-infringement contentions and therefore prematurely seeking expert opinions and expert discovery. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2-16-CV-00052-JRG-RSP, 2017 WL 9988630 (E.D. Tex. Aug. 25, 2017) ("The district's local patent rules do not require noninfringement contentions, and a party is not entitled to early disclosure of expert opinions

through interrogatory."); *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015). *See also* P.R. 2-5(a).

Nextbase objects to this interrogatory as prematurely requesting disclosure of invalidity contentions and discovery of expert witness testimony and opinions in advance of the deadline under the Docket Control Order, the Local Rules of the Eastern District of Texas, and/or relevant statutory or case law. P.R. 2-5(c), 3-3, and 3-4. Nextbase also objects to this interrogatory as seeking information that is not in Nextbase's possession, custody, or control because it seeks identification of prior-art documents and evidence that was not created, retained, or otherwise within the control of Nextbase and identification of persons with relevant knowledge of the documents and evidence.

Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery. Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome.

Moreover, the phrase "identify all documents related to such information" makes the Interrogatory compound (counting as more than one interrogatory) and is also itself overly broad, vague and ambiguous in seeking "all documents related to such information."

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

Nextbase's pleadings and discovery responses in this case

PML-00000001 – PML-00000032

PML-00000033

PML-00000034

PML-00000035 – PML-00007789

PML-00007799 – PML-00009084

PML-00009085

PML-00009086 – PML-00019139

PML-00019140

PML-00019141 – PML-00019157

PML-00019161 – PML-00019163

PML-00019164 – PML-00019183

PML-00019187 – PML-00019397

PML-00019398 – PML-00019449

PML-00019450 – PML-00019451

PML-00019452 – PML-00020924

PML-00020930 – PML-00022974

PML-00022978 – PML-00048330

PML-00048373 – PML-00050817

PML-00050819 – PML-00051917

PML-00051920 – PML-00058727

PML-00058735 – PML-00058775

PML-00058880 – PML-00059106

PML-00059109 – PML-00059110

PML-00059111 – PML-00059116

PML-00059118 – PML-00063462

PML-00063464 – PML-00063475

PML-00063747 – PML-00063767

PML-00063828 – PML-00063915

PML-00064006 – PML-00064022

PML-00064170 – PML-00064198

PML-00064200 – PML-00064441

PML-00064443 – PML-00073533

PML-00073576 – PML-00073636

PML-00073679 – PML-00074813

PML-00020928 – PML-00020929

PML-00063988 – PML-00064003

PML-00064004

PML-00064005

PML-00064199

**INTERROGATORY NO. 11:**

If You contend, with respect to any of Your activities related to any of the Accused

Products, that You are not liable for direct infringement, contributory infringement, joint

infringement, and/or induced infringement of any claim of the Asserted Patents, including the

Asserted Claims, (either literally or under the doctrine of equivalents), please set forth in detail

the basis for Your non-infringement contention with respect to Your activities related to each of

the Accused Products (provide an element-by-element analysis in claim-chart format, identifying

each claim element/term/phrase that You contend is missing or not met), and also provide Your

basis, if any, of non-infringement under the doctrine of equivalents (e.g., different function, way

or result).

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this Interrogatory to the extent it calls for information protected from

discovery by the attorney-client privilege, work product doctrine, or that is otherwise protected

from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

Local Rules of the Eastern District of Texas, and/or relevant statutory or case law. Nextbase also

objects to this Interrogatory because it is improperly disproportionate to the needs of this case,

overly broad, and unduly burdensome. Additionally, Nextbase objects to this Interrogatory as

seeking Nextbase's non-infringement contentions and therefore prematurely seeking expert

opinions and expert discovery. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc*., No. 2-16-CV-

00052-JR-GRSP, 2017 WL 9988630 (E.D. Tex. Aug. 25, 2017) ("The district's local patent

rules do not require noninfringement contentions, and a party is not entitled to early disclosure

of expert opinions through interrogatory."); *Promethean Insulation Tech. LLC v. Sealed Air*

*Corp.*, No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015). *See also* P.R. 2-5(a).

Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery. Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiving the foregoing general and specific objections, including that the information requested by this interrogatory is not permissible fact discovery and instead prematurely seeks expert discovery, Nextbase supplements its response as follows:

As Nextbase understands Plaintiff's Infringement Contentions and the technology Plaintiff accused of infringing Asserted Patents, Nextbase does not have possession, custody or control of information sufficient to provide a complete response. Further, Plaintiff did not provide information sufficient to allege infringement of the Asserted Patents in Plaintiff's Infringement Contentions so Defendant cannot be expected to respond to contentions that were not based on information specific to how any Accused Product actually functions.

Nextbase's investigation is continuing, and expert reports have not yet been exchanged. Nevertheless, based on a current and preliminary understanding of the issues, Nextbase states that it is aware of no evidence or contention that would support infringement by any Accused Product

of any asserted claim of any Asserted Patent. Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase identifies at least the following documents and information that fails to establish that any Accused Product could be found to infringe any asserted claim in any Asserted Patent:

PML-00063918 – PML-00063987

PML-00007790 – PML-00007798 and attachments

**INTERROGATORY NO. 12:**

If You contend any claim of the Asserted Patents is invalid, including under 35 U.S.C. §101, 102, 103, and/or 112, please identify all prior art references You contend invalidate such claim and state all facts and identify all documents that You believe support such a contention, including the level of ordinary skill in the art and each prior art references relied upon with a detailed explanation of how each prior art reference is applied to each element of each patent claim that You contend is invalid, and identify the persons most knowledgeable about the information requested in this interrogatory. If there is any question as to the level of detail required in Your response to this interrogatory, You should provide the following details:

a. The identity of each item of prior art that allegedly anticipates each claim of the Asserted Patents or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which

the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b. Whether each item of prior art anticipates each claim of the Asserted Patents or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c. A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d. Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the claims of the Asserted Patents.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as prematurely requesting disclosure of invalidity contentions and discovery of expert witness testimony and opinions in advance of the deadline under the Docket Control Order, the Local Rules of the Eastern District of Texas, and/or relevant statutory or case law, and in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery related to invalidity. *See also* P.R. 2-5(c).

Nextbase also objects to this interrogatory as seeking information that is not in Nextbase's possession, custody, or control because it seeks identification of prior-art documents and evidence

that was not created, retained, or otherwise within the control of Nextbase and identification of persons with relevant knowledge of the documents and evidence.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Nextbase will disclose its invalidity contentions and expert opinions regarding invalidity of the Patents in suit in accordance with the invalidity contention and expert disclosure deadlines set out in the Docket Control Order and the Local Patent Rules, and Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Nextbase reiterates its objection to this interrogatory as prematurely seeking discovery of invalidity contentions not yet due under the Court's rules and Docket Contol Order. Nextbase's initial contentions are not due until June 18, 2025.

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00000001 – PML-00000032

PML-00000035 – PML-00007789

PML-00007799 – PML-00009084

PML-00009086 – PML-00019139

PML-00019141 – PML-00019157

PML-00019164 – PML-00019183

PML-00019187 – PML-00019397

PML-00019452 – PML-00020924

PML-00020930 – PML-00022974

PML-00022978 – PML-00048330

PML-00048373 – PML-00050817

PML-00050819 – PML-00051917

PML-00051920 – PML-00058727

PML-00058735 – PML-00058775

PML-00058880 – PML-00059106

PML-00059111 – PML-00059116

PML-00059118 – PML-00063462

PML-00063464 – PML-00063475

PML-00063747 – PML-00063767

PML-00063828 – PML-00063915

PML-00064006 – PML-00064022

PML-00064170 – PML-00064198

PML-00064200 – PML-00064441

PML-00064443 – PML-00073533

PML-00073576 – PML-00073636

PML-00073679 – PML-00074813

**<u>INTERROGATORY NO. 13</u>:**

Please identify any and all documents describing how to use and operate the Accused

Products, including but not limited to technical manuals, product documentation, relevant source

code, and any other record (including but not limited to e-mail and electronic messages of any

form) describing or relating to the development, configuration, use, or operation of the Accused Products.

**RESPONSE:**

Nextbase objects to this interrogatory to the extent that it prematurely calls for the disclosure of documents and information in advance of the deadline under at least the forthcoming Docket Control Order and the Local Rules of the Eastern District of Texas. *See also* P.R. 2-5 and 3-4(a).

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "relating to the development, configuration, use, or operation of the Accused Products" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to

the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00019158 – PML-00019160

PML-00019184 – PML-00019186

PML-00020925 – PML-00020927

PML-00022975 – PML-00022977

PML-00050818

PML-00051918

PML-00051919

PML-00058728-58733

PML-00059107

PML-00059108

PML-00059117

PML-00063476 – PML-00063746

PML-00063768 – PML-00063789

PML-00063916

PML-00063917

PML-00064023 – PML-00064169

**INTERROGATORY NO. 14:**

Please identify all facts and information regarding any revenue, income, expenses, cost savings, profits, and other benefits, including non-monetary benefits, obtained or derived by You and Your Affiliates from (i) the Accused Products; (ii) using, selling, purchasing, distributing, licensing, marketing, leasing, or advertising the Accused Products; and/or (iii) offering, providing, or provisioning the Accused Products for use, including any recurring revenue or payments associated with the foregoing.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as premature in that it seeks disclosure of financial data pertaining to the Accused Products, and premature in that it seeks discovery of expert witness testimony and opinions, in advance of the deadlines to do so under the Docket Control Order governing this case, including the deadlines related to expert disclosures. Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery related to alleged damages. Nextbase will disclose its expert testimony and opinions regarding damages in accordance with the expert disclosure deadlines set out in the Docket Control Order.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "non-monetary benefits" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00000033

PML-00000034

PML-00009085

PML-00019140

PML-00019161 – PML-00019163

PML-00019450 – PML-00019451

PML-00020928 – PML-00020929

PML-00058776 – PML-00058879

PML-00059109 – PML-00059110

PML-00063790 – PML-00063793

PML-00063794 – PML-00063827

PML-00063988 – PML-00064003

PML-00064004

PML-00064005

PML-00064199

PML-00064442

PML-00073534 – PML-00073575

PML-00073637 – PML-00073678

**INTERROGATORY NO. 15:**

Please identify and describe the accounting and/or financial system(s) that You use or have used during the Relevant Period to store, track, and/or generate data (including reports) regarding revenues, income, cost-savings, profits, expenses, and/or other benefits, including non-monetary benefits relating to the Accused Products. The response should include sufficient information such that Plaintiff could request the inspection of such system(s) by name in a way that You would understand.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as premature in that it seeks disclosure of financial data pertaining to the Accused Products, and premature in that it seeks discovery of expert witness testimony and opinions, in advance of the deadlines to do so under the Federal Rules of Civil Procedure and the Docket Control Order governing this case, including the deadlines

related to expert disclosures. Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery related to alleged damages. Nextbase will disclose its expert testimony and opinions regarding damages in accordance with the expert disclosure deadlines set out in the Docket Control Order.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "non-monetary benefits" as used in this Interrogatory as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: The financial and accounting system currently used since October 2020 is Sage Intacct; the previous system used was Sage 50. Further, pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**INTERROGATORY NO. 16:**

Please identify all factors You contend are relevant or would be relevant to the determination of a reasonable royalty rate in a hypothetical negotiation between Plaintiff and You for licensing the Asserted Patents at the time the alleged infringement first began and state with particularity the effect each such factor would have on such hypothetical negotiations.

**RESPONSE:**

Nextbase incorporates its General Objections here as if set forth in full.

Nextbase objects to this interrogatory as premature in that it seeks disclosure of financial data pertaining to the Accused Products, and premature in that it seeks discovery of expert witness testimony and opinions, in advance of the deadlines to do so under the Federal Rules of Civil Procedure and the forthcoming Docket Control Order governing this case, including the deadlines related to expert disclosures. Nextbase objects to this interrogatory in that it would require Nextbase to marshal evidence in support of its contentions before Nextbase has completed its investigation and discovery related to alleged damages. Nextbase will disclose its expert testimony and opinions regarding damages in accordance with the expert disclosure deadlines set out in the Docket Control Order.

Nextbase objects to this interrogatory as overbroad, unduly burdensome, and targeted at irrelevant information because it is not limited to the Accused Products in the United States.

Nextbase objects as overly broad and unduly burdensome and on grounds of relevance to the extent this Interrogatory purports to require information not relevant to issues in this case or the relevant time period of this case.

Nextbase further objects to the use of the phrase "state with particularity the effect each such factor would have on such hypothetical negotiations" as vague, overly broad, and unduly burdensome.

Nextbase also objects to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, and unduly burdensome. In addition, Nextbase objects to this interrogatory as overly broad and not proportional to the needs of the case to the extent that it purports to require Nextbase to provide information in a different format than it is stored in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Nextbase responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), Nextbase will produce documents to the extent that they contain further information responsive to this interrogatory, subject to a reasonable search and its ongoing investigation in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiver of the general and specific objections identified above, pursuant to Federal Rule of Civil Procedure 33(d), Nextbase further identifies the following documents from which the answer to this interrogatory may be determined:

PML-00000033

PML-00000034

PML-00009085

PML-00019140

PML-00019161 – PML-00019163

PML-00019450 – PML-00019451

PML-00020928 – PML-00020929

PML-00058776 – PML-00058879

PML-00059109 – PML-00059110

PML-00063790 – PML-00063793

PML-00063794 – PML-00063827

PML-00063988 – PML-00064003

PML-00064004

PML-00064005

PML-00064199

PML-00064442

PML-00073534 – PML-00073575

PML-00073637 – PML-00073678

May 30, 2025                                        Respectfully submitted,

                                                    /s/ *Scott E. Davis*
                                                    Scott E. Davis
                                                    Oregon State Bar No. 022883
                                                    scott.davis@klarquist.com
                                                    KLARQUIST SPARKMAN, LLP
                                                    121 S.W. Salmon Street, Suite 1600
                                                    Portland, OR 97204
                                                    Telephone: (503) 595-5300
                                                    Fax: (503) 595-5301

                                                    Counsel for
                                                    Portable Multimedia LTD T/A Nextbase

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 30, 2025, a true and correct copy of the

foregoing document was served by electronic mail on counsel for plaintiff:

James Francis McDonough, III
Rozier Hardt McDonough PLLC
659 Auburn Ave. NE, Unit 254
Atlanta, GA 30312
Email: jim@rhmtrial.com

Jonathan Lloyd Hardt
Rozier Hardt McDonough PLLC
712 W. 14th St., Suite A
Austin, TX 78701
Email: hardt@rhmtrial.com

Carey Matthew Rozier
Rozier Hardt McDonough PLLC
2590 Walnut St. Ste. 10
Denver, CO 80205
Email: matt@rhmtrial.com

Service: service@rhmtrial.com


/s/ *Scott E. Davis*
Scott E. Davis